## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**ZERUDA HAISHUGI**,

      Plaintiff,

vs.                                **No. 12cv456 JP/KBM**

**UNITED STATES OF AMERICA**,

      Defendant.

### MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT

**THIS MATTER** comes before the Court on pro se Plaintiff Zeruda Haishugi's *Application to Proceed in District Court without Prepaying Fees or Costs* (hereinafter called "motion to proceed IFP"), filed April 30, 2012, *see* Doc. 2, and on the Court's concomitant obligation "to review the affidavit and screen her case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312. If the Court determines that "the allegation of poverty is untrue," or that a complaint filed without the prepayment of filing fees fails to state a claim, it must dismiss the case. *See* § 1915(e)(2)(A), (B); *Trujillo v. Williams*, 465 F.3d 1210, 1217 n. 5 (10th Cir. 2006) (noting that dismissal of complaints under § 1915(e) is now mandatory).

Regarding the ability-to-pay prong of the IFP analysis, IFP status should be granted only if a plaintiff demonstrates that she "cannot because of [her] poverty pay or give security for the costs

. . . and still be able to provide [her]self and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

It appears that Haishugi, who is 23 years old and single, may not have sufficient income to pay both for the necessities of life and filing fees. Based on her statements that she does not pay for any of her living expenses and that she receives only a $5/month "guardian allowance" as income, the Court believes that Haishugi perhaps is a ward of the State. *See* Doc. 2 at 2-6 (stating that she receives no income other than the guardian allowance and that her monthly living expenses are not her "responsibility yet"). But even though she may be indigent, the Court must dismiss the Complaint because Haishugi has failed to allege facts demonstrating that this Court has subject-matter jurisdiction over her claims. "Federal courts are courts of limited jurisdiction, and the presumption is that they lack jurisdiction unless and until a plaintiff pleads sufficient facts to establish it." *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994). "[T]he party pleading jurisdiction must allege in his pleading the facts essential to show jurisdiction." *Id.* (internal quotation marks omitted).

Using a form complaint for actions brought under 42 U.S.C. § 1983, Haishugi is attempting to sue only the United States. *See* Complaint at 1. But § 1983 claims may not be asserted against the federal government. *See Punchard v. United States Bureau of Land Mgmt.*, 180 Fed. App'x 817, 819, 2006 WL 1389107, **2 (10th Cir. May 18, 2006) (holding that "[t]he federal government is not subject to suit under § 1983;" that *Bivens* claims for deprivation of constitutional rights actions "lie only against federal actors in their individual capacities, not in their official capacities and not against the federal agencies for which they work;" and that "[c]onstitutional torts [against the government] are not cognizable under the [Federal Tort Claims Act]"); *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (holding that sovereign immunity precludes damage claims against the United

States government).

Further, Haishugi has failed to allege any facts or other statutes demonstrating a waiver of the United States' immunity against suits.

> The United States may not be sued without its consent. Such a waiver of sovereign immunity must be strictly construed in favor of the sovereign and may not be extended beyond the explicit language of the statute. It long has been established, . . . that the United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain suit. A waiver of sovereign immunity cannot be implied, but must be explicitly expressed.
>
> * * * *
>
> The burden is on the [plaintiff] to find and prove an explicit waiver of sovereign immunity.

*Fostvedt v. United States*, 978 F.2d 1201, 1202-03 (10th Cir. 1992) (internal quotation marks and citations omitted). Haishugi does not state in her Complaint what statute waives the United States' sovereign immunity in this case. *See* FED. R. CIV. P. 8(a)(1) (requiring a complaint to contain "a short and plain statement of the grounds for the court's jurisdiction").

Further, Haishugi's Complaint is incomprehensible and fails to state a claim. As "background," Haishugi states, "I have contacted a number of statewide establishments that I know, according to my experience, have assumed responsibility for the action and reactions of my life. I need to reclaim these responsibilities in any way that I can." Complaint at 3. For Count 1, Haishugi states: "Wrongfully taken responsibilities in reaction to my conception and/or birth." *Id.* at 4. Her "supporting facts" are as follows:

> I don't know exactly how many establishments were, are, and will be involved. Additional evidence of my birth and events following have been made to theorize occurrences as they were experienced. They happened only because evidence made by human hands said they did.

*Id.* In her request for relief, Haishugi states: "I believe that I have every right to reclaim

3

responsibility for all actions taken in response to my conception including any following perceptions recorded." *Id.* at 6.  Construing the Complaint liberally in conjunction with her motion to proceed IFP, the Court concludes that Haishugi appears to be seeking to set aside an order that appoints the State or someone else as her guardian.  If so, her remedies are in the state court that imposed the order of guardianship, but not in this Court in a suit against the United States.

To state a claim, a plaintiff must specify dates that an allegedly wrongful or unlawful event and injury occurred, exactly what happened, and who was involved.  *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("a district court might helpfully advise a pro se litigant that, to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated").  Nothing in her Complaint reveals any facts that would give rise to any kind of cognizable federal claim against the United States, or that otherwise invokes the subject-matter jurisdiction of this Court.

**IT IS ORDERED** that Haishugi's motion to proceed IFP (Doc. 2) is DENIED and that her cause of action is DISMISSED without prejudice.

_____

SENIOR UNITED STATES DISTRICT JUDGE